IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JACKIE D. MORSE                                                    PLAINTIFF

vs.                                    Civil No. 2:11-cv-02045

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jackie Morse ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed an application for DIB on November 4, 2008.  (Tr. 7, 119).

Plaintiff alleged she was disabled due to arthritis, diabetes, bone spurs, high blood pressure, and a

lump in her breast.  (Tr. 119).  Plaintiff alleged an onset date of October 11, 2006.  (Tr. 119).  This

application was denied initially and again upon reconsideration.  (Tr. 66-68, 72-73).  Thereafter,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 81-82).

Plaintiff's administrative hearing was held on February 11, 2010, in Fort Smith, Arkansas. (Tr. 23-63). Plaintiff was present and was represented by counsel, Abby Rice, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dale Thomas, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was sixty-three (63) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had a GED. (Tr. 26-27).

On June 4, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 7-14). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 11, 2006. (Tr. 9, Finding 2). The ALJ determined Plaintiff had the severe impairment of diabetes mellitus, photosensitive skin eruption, osteoarthritis, depression, anxiety, lateral epicondylitis, coronary artery disease, headaches, heel spurs, and blepharitis. (Tr. 9, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 10-13, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work except that she could not climb ladders, ropes, or scaffolds, could have exposure to sunlight only intermittently and rarely, and could only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 13, Finding 6). The ALJ

2

determined Plaintiff was able to perform her PRW as a dispatcher supervisor, secretary, and accounts payable. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 11, 2006 through the date of his decision. (Tr. 14, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 117). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On March 9, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 14, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7, 8. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

4

substantial evidence in the record.  ECF No. 7.  Specifically, Plaintiff claims the ALJ erred (1) in her findings of severe impairments, (2) in failing to develop the record as to her RFC and, (3) in finding her capable of performing her PRW.  ECF No. 7, Pgs. 11-17.  In response, the Defendant argues the ALJ did not err in any of her findings.  ECF No. 8.

### A.  Finding of Severe Impairments

Plaintiff argues the ALJ erred as it relates to her findings of severe impairments.  ECF No. 7, Pgs. 11-12.  The ALJ determined Plaintiff had the severe impairments of diabetes mellitus, photosensitive skin eruption, osteoarthritis, depression, anxiety, lateral epicondylitis, coronary artery disease, headaches, heel spurs, and blepharitis. (Tr. 9, Finding 3).  The Plaintiff argues the ALJ erred by finding her mental impairments of depression and anxiety were non-severe.

In determining whether a claimant's impairment or impairments are of such severity that such impairment or impairments could be the basis of eligibility for benefits, the Commissioner will consider the combined effect of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of such sufficient severity.  *See* 20 C.F.R. § 416.923.  If a medically severe combination of impairments is found, the combined impact of the impairments will be considered throughout the disability determination process.  *Id.*  Furthermore, in assessing RFC, the Commissioner will consider all of a claimant's impairments, including the claimant's non-severe impairments.  *See* 20 C.F.R. § 416.945(a)(2).

An impairment is not severe if it amounts to only a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities.  See 20 C.F.R. § 404.1521(a).  Proof of a disabling impairment must be supported by at least some acceptable medical evidence.  *See Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).  It is the claimant's

burden to establish that her impairment or combination of impairments are severe. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

In this matter, The ALJ found Plaintiff's claims of depression and anxiety were non-severe impairments. (Tr. 9-10). In making this finding, the ALJ noted that on March 19, 2009, Dr. Terry L. Efird performed a consultative mental examination of Plaintiff. (Tr. 254-258). Plaintiff complained of mild struggles with memory, forgetfulness, and concentration. (Tr. 254). Plaintiff also indicated she was experiencing anxiety attacks. (Tr. 254). Plaintiff characterized her mood as generally good. (Tr. 254). Dr. Efird noted no outstanding problems with Plaintiff's concentration. (Tr. 254). Fianlly, Plaintiff denied a history of psychiatric treatment. (Tr. 255). Dr. Efird diagnosed Plaintiff with anxiety disorder, not otherwise specified. (Tr. 256). Plaintiff stated she applied for disability primarily due to physical reasons. (Tr. 254).

With regards to adaptive functioning, Dr. Efird found Plaintiff endorsed the ability to drive unfamiliar routes, shop independently, and to perform activities of daily living in a satisfactorily manner. (Tr. 257). Plaintiff also reported she visited with family at times and saw her husband on a daily basis. (Tr. 257). Dr. Efird indicated Plaintiff communicated and interacted in a reasonably socially-adequate manner and appeared to have reasonable social skills. (Tr. 257). Plaintiff also communicated in a reasonably intelligible and effective manner and had adequate communication skills. (Tr. 257).

On March 27, 2009, Dr. Kay M. Gale, completed a Psychiatric Review Technique form on Plaintiff. (Tr. 259-272). Dr. Gale found Plaintiff had only mild limitations in her ability to perform activities of daily living; maintaining social functioning; and maintaining concentration, persistence, and pace. (Tr. 269). Dr. Gale indicated Plaintiff had no history of mental health treatment, and that

6

although a recent diagnosis of anxiety disorder, Plaintiff had no serious functional limitation. (Tr. 271). Dr. Gale was of the opinion that Plaintiff had no severe mental impairments. (Tr. 271).

As a result of these findings, substantial evidence supports the ALJ's finding that Plaintiff's depression and anxiety were non-severe impairments.

### B. Development of the Record

Plaintiff argues the ALJ should have re-contacted Plaintiff's treating physician Dr. Charles Jennings as the failure to do so was error. ECF No. 7, Pgs. 12-14. The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).

The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so

7

if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

In this matter the ALJ did not have a duty to re-contact Dr. Jennings for clarification of his opinion in the present case. While an ALJ has an independent duty to develop the record in a Social Security disability case, the ALJ is not required to "seek additional clarifying statements from a treating physician unless a crucial issue is underdeveloped." *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In this matter, the ALJ did not find Dr. Jennings' record inadequate, unclear, or incomplete; nor did she find he used unacceptable clinical and laboratory techniques. (Tr. 12). Instead, the ALJ discounted Dr. Jennings' opinion because it was inconsistent with and unsupported by the other substantial evidence of record. (Tr. 12).

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

In this matter, the ALJ did not give significant weight to the RFC opinions of Dr. Jennings and she set forth several reasons in her analysis for doing so. (Tr. 12-13). The ALJ noted, Dr.

8

Jennings RFC opinion was internally inconsistent, and conflicted with other objective medical evidence and non-medical evidence of record. (Tr. 12). The ALJ also found Dr. Jennings failed to articulate what particular impairment or combination of impairments caused Plaintiff to be so limited, and he failed to state what testing, if any, allegedly supported his opinion. (Tr. 12).

The ALJ satisfied her duty to fully and fairly develop the record in this matter and gave proper treatment to the opinions of treating physician Dr. Jennings.

### C. Past Relevant Work

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform her PRW. ECF No. 7, Pgs. 14-15. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform her PRW. ECF No. 8, Pgs. 15-16. This Court finds the ALJ's determination that Plaintiff has the RFC to perform her PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for her determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox,* 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and

9

for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform sedentary work except that she could not climb ladders, ropes, or scaffolds, could have exposure to sunlight only intermittently and rarely, and could only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs.  (Tr. 10, Finding 5).  The ALJ went on to find Plaintiff's PRW as a dispatcher supervisor, accounts payable, and secretary did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 13).  As a result, the ALJ determined Plaintiff had not been under a disability at anytime through the date of his decision.  (Tr. 14).

Plaintiff argues the ALJ erred in finding her capable of performing her PRW, which required the ability to perform skilled and semi-skilled work.  ECF No. 7, Pgs. 11-12.  However, as set out above, the ALJ properly considered Plaintiff's mental impairments of depression and anxiety and determined they did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities, and therefore, were not severe.  (Tr. 9).

There is substantial evidence of record to support the ALJ's RFC finding and conclusion, based upon proper VE testimony, that Plaintiff remains capable of performing her PRW as a dispatcher supervisor, accounts payable, and secretary.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this **15th day of May 2012.**


                    /s/  Barry A. Bryant
                    HON. BARRY A. BRYANT
                    U.S. MAGISTRATE JUDGE